UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY CARLTON LANCASTER,

    Petitioner,

v.                                                                 Case No. 8:10-cv-1333-T-23MAP

WARDEN, F.C.C. COLEMAN-MEDIUM,

    Respondent.
_____/

## O R D E R

Lancaster pleaded guilty to two counts of distribution of cocaine, one count of possession of fifty or more grams of crack cocaine, and one count of being a felon in possession of a firearm, for which he is serving a total of 292 months. Lancaster petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and challenges the validity of his sentence. This court lacks jurisdiction to review the petition.

Lancaster challenged this same conviction in 8:06-cv-1327-T-23EAJ. The Section 2255 motion to vacate was denied on the merits. Lancaster is precluded from pursuing a second or successive motion to vacate without permission from the Eleventh Circuit Court of Appeals. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Felker v. Turpin, 518 U.S. 651, 664 (1996); Dunn v. Singletary, 168 F.3d 440, 442 (11th Cir. 1999). This court lacks jurisdiction to review Lancaster's

present petition until the circuit court grants Lancaster permission to file a second or successive motion to vacate. Burton v. Stewart, ___ U.S. ___, 127 S.Ct. 793, 799 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Even though he purports to seek relief under Section 2241, Lancaster cannot circumvent Section 2244's preclusion against second or successive motions to vacate by filing his first challenge as a Section 2255 motion to vacate and his second challenge as a Section 2241 petition. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999).

Accordingly, the petition for the writ of habeas corpus (Doc. 1) is **DISMISSED**. The clerk shall close this case.

ORDERED in Tampa, Florida, on June 22, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE